# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL RAY HUGHES,

     Plaintiff,

vs.

DAVID VUCETA, et al.,

     Defendants.

Case No. 2:12-cv-00660-KJD-PAL

**ORDER**

     Plaintiff has submitted a motion for leave to exceed allowed amount of pages on third amended complaint (#24).  The court grants this motion.

     Pursuant to 28 U.S.C. § 1915A, the court has reviewed the third amended complaint (#24).  Plaintiff will need to show cause why the court should not dismiss three counts as untimely.

     Because 42 U.S.C. § 1983 does not have its own statute of limitations, a court uses the statute of limitations for personal injury actions of the state in which it is located.  Wilson v. Garcia, 471 U.S. 261 (1985).  In Nevada, the applicable statute of limitations is Nev. Rev. Stat. § 11.190(4)(e), which has a period of limitations of two (2) years.  Perez v. Seevers, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam).  "Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim.  A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991) (citations and internal quotations omitted).

     In counts 1, 2, and 3, plaintiff alleges constitutional violations about a prison disciplinary proceeding.  The events occurred between November 4 and 18, 2009.  The causes of action in

counts 1, 2, and 3 accrued no later than November 18, 2009.  Plaintiff commenced this action in state court on December 16, 2011, more than two years after the events at issue, and after the statute of limitations had run.  Plaintiff will need to show cause why the court should not dismiss counts 1, 2, and 3 as untimely.

Plaintiff has submitted a motion for leave to file fourth amended complaint or request for count 15 to include tort of intentional infliction of emotional distress (#26).  The court denies this motion for two reasons.  First, plaintiff has not submitted a proposed amended complaint, as required by Local Rule 15-1(a).  Second, the court will not construe count 15 of the third amended complaint to include an additional cause of action, because that would require the parties to refer to a document other than the third amended complaint, and the third amended complaint must be complete by itself without reference to other documents.  See Local Rule 15-1(a).

Plaintiff has filed a motion for enlargement of time to serve the third amended complaint (#31) and a motion for issuance of summons and extend time to serve third amended complaint (#32).  These motions are premature, because plaintiff first must address the issue of timeliness noted above.  The motions also are moot, because the court has its own procedures for serving process upon defendants who are employed by the Nevada Department of Corrections.

IT IS THEREFORE ORDERED that motion for leave to exceed allowed amount of pages on third amended complaint (#24) is **GRANTED**.

IT IS FURTHER ORDERED that plaintiff shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss counts 1, 2, and 3 of the third amended complaint (#25) because they are untimely.  Failure to comply with this order will result in the dismissal of counts 1, 2, and 3 from this action.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file fourth amended complaint or request for count 15 to include tort of intentional infliction of emotional distress (#26) is **DENIED**.

///

///

///

1    IT IS FURTHER ORDERED that plaintiff's motion for enlargement of time to serve the

2 third amended complaint (#31) and motion for issuance of summons and extend time to serve third

3 amended complaint (#32) are **DENIED**.

4    DATED: April 3, 2013

5

6    _____

7    KENT J. DAWSON
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28