UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL RAY HUGHES, | Case No. 2:12-cv-0660-KJD-PAL |
| Plaintiff, | **ORDER** |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al*., | |
| Defendant. | |

Before the court is Defendant's Motion to Modify Date and Time in Order (Dkt. #56). In an Order entered June 26, 2014 (Dkt. #55) the court granted Defendants' Motion for Miscellaneous Relief and For an Extension of Time (Dkt. #54). Defendants requested relief from a prior order requiring them to file an answer to the complaint within 60 days of April 18, 2014. The motion represented that on May 20, 2014, Plaintiff contacted several employees of the Office of the Attorney General indicating he was interested in an early resolution. On June 7, 2014, Plaintiff communicated that he was currently living in San Diego County and unable to travel because of illness but would have telephone service in 4 or 5 days and was interested in settlement discussions. The Attorney General's Office therefore requested an enlargement of time to file their answer or other responsive pleading until thirty (30) days after a conference or discussion.

The court granted Defendants' motion for miscellaneous relief somewhat reluctantly because of the age of this case. However, the court granted the request for enlargement of time to file the answer until thirty (30) days after the parties had an informal telephonic settlement discussion as requested. The court made the informal telephonic settlement discussion

mandatory on both sides and set a date certain for it to occur as requested. Because of the age of this case the court also set a date certain for an answer to be filed.

The motion for miscellaneous relief was filed two days before the defendants' answer was due and did not advise the court of any dates counsel would be unavailable to conduct the informal settlement conference requested. The current motion was filed July 2, 2014 because the assigned attorney from the Attorney General's Office was scheduled to be on vacation between July 5, 2014 and July 13, 2014 in a remote location without telephone or internet access. The motion does not indicate that the Attorney General's Office attempted to communicate with Mr. Hughes by email or telephone. The motion does not indicate whether the Defendants complied with the court's Order (Dkt. #55) requiring them to communicate with the Plaintiff via the email address he provided on June 5, 2014 to advise him that the court's order had been entered and that the parties were ordered to conduct informal discussions telephonically.

In short, Defense counsel got what it asked for – an order directing the Plaintiff to meet with Defendants telephonically or in person on a set date and time ordered by the court for the purposes of a good faith, informal settlement discussion. Because counsel did not inform the court of any date or time counsel was unavailable a mandatory, informal telephonic conference was set. It fell during the period counsel was scheduled to be on vacation, and counsel apparently made no arrangements to have another attorney handle the matter. The court assumes the informal telephonic settlement conference did not go forward as counsel for Defendants was out of state. The court has no information at all about whether counsel attempted to reach the Plaintiff to reschedule another date.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. Defendants' Motion to Modify Date and Time in Order (Dkt. #56) is denied. The parties are encouraged to conduct informal settlement discussions, but under the circumstances the court will not enter another order setting another date and time for a mandatory settlement conference.

2.      The Attorney General shall file an answer as ordered by August 9, 2014 unless the parties have reached a settlement that is memorialized in writing.

DATED THIS 10th day of July 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE